Alejandro Uribe
IN PRO PER
1550 Laurel Ave
Solvang, CA 93463
T: (805) 886-9915
E-mail: blue2020@me.com

In Pro Per

FILED
OCT -9 2015
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:              Deputy Clerk

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# NORTHERN DIVISION

| | |
|---|---|
| In re JUAN FERRER and MARIA CONDE<br><br>Debtors. | Case No.: 9:15-BK-11396<br><br>Chapter 7<br><br>Adv. No.: |
| ALEJANDRO URIBE, an individual<br><br>       Plaintiff,<br>   vs.<br><br>JUAN FERRER and MARIA CONDE aka MARIA FERRER,<br><br>       Defendants. | **COMPLAINT TO DETEMINE DISCHARGEABILITY OF DEBT** |

Plaintiff, ALEJANDRO URIBE, alleges upon firsthand knowledge, except where stated upon information and belief, as follows:

/ / /

/ / /

/ / /

/ / /

COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

1

## JURISDICTION AND VENUE

1. Plaintiff, ALEJANDRO URIBE, at all times herein mentioned was and still is a resident of the County of Santa Barbara and the State of California.

2. Defendants, JUAN FERRER and MARIA CONDE aka MARIA FERRER, at all times herein mentioned were and still are residents of the County of Santa Barbara and the State of California.

3. Venue lies in this District pursuant to Section 1391(b) of Title 28 of the United States Code.

4. Jurisdiction is conferred on this Court pursuant to the provisions of Section 1334 of Title 28 of the United States Code in that this proceeding arises in and is related to the above-captioned Chapter 7 case under Title 11 and concerns property of the Debtor, dischargeability or non-dischargeability of debts in that case.

5. This Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code and Section 157(b)(2) of Title 28 of the United States Code.

6. This Court has supplemental jurisdiction to hear all state law claims pursuant to Section 1367 of Title28 of the United States Code.

7. This matter is primarily a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order.

## GENERAL ALLEGATIONS

8. There is presently pending in the Superior Court, State of California, County of Santa Barbara, an action bearing docket number 1460885, entitled WHIP A PEEL, LLC, a California limited liability company v. ALEJANDRO URIBE, et al. The First Amended Complaint claims money damages against URIBE for injuries allegedly incurred by WHIP A PEEL, LLC due to conversion of restaurant equipment. The original Complaint named JUAN FERRER and MARIA CONDE as defendants, but they were later dismissed. The First Amended Complaint alleges liability on the part of URIBE.

9. URIBE filed a Cross-Complaint against Defendants on August 13, 2015. URIBE did not receive notice of the filing of a Petition for Bankruptcy by Defendants. Upon information and belief, WHIP A PEEL, LLC did not receive notice of the bankruptcy filing either.

10. On September 1, 2015, Defendants caused to be filed a Notice of Stay of Proceedings of the entire action. URIBE was not served with the Notice; and upon information and belief, WHIP A PEEL, LLC was not served with the Notice either.

11. URIBE was a lessee of Suite 163 within Frederik's Court in Solvang, California in 2012. WHIP A PEEL, LLC was lessor. The Lease provided for use of restaurant equipment. Mr. Riley Huffman was the sole member of WHIP A PEEL, LLC and FREDERIK'S COURT, LLC which owned the property. The Frederik's Court property was placed into receivership and sold in foreclosure on February 8, 2013.

12. URIBE and Defendants had entered into an agreement wherein Defendants took over ownership of the restaurant, including responsibility for upkeep of the restaurant equipment. WHIP A PEEL, LLC knew of this agreement and did not object.

13. Thereafter, WHIP A PEEL, LLC worked with Defendants and URIBE attempted to assist in negotiations for the purchase of the restaurant equipment by Defendants. Negotiations failed. Defendants retained possession of the restaurant equipment, refused to return the same to WHIP A PEEL, LLC and continue in possession of said equipment within their restaurant commonly known as Bodege de Espana. Further, Plaintiff alleges on information and belief that Defendants have caused the lease for the premises to be transferred to their son's name to avoid the equipment being listed as an asset in their bankruptcy case while retaining full control of the restaurant including operating the restaurant as owners.

## FIRST CAUSE OF ACTION FOR BREACH OF CONTRACT
## AGAINST ALL DEFENDANTS

14. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 13 as though fully set forth herein.

15. Plaintiff entered into an oral sub sub-lease agreement with Defendants on or about August 2012 wherein Defendants agreed to perform all covenants and conditions as well as assumed all responsibility for the performance of the terms of the sub-lease and addendum to sub-lease agreement between Plaintiff and Plaintiff, Whip A Peel, LLC both dated January 26, 2012. By way of the sub sub-lease agreement, Defendants agreed to incorporate all of the terms of the sub-lease into the sub sub-lease. Such sub-lease agreement contains an attorneys' fees provision.

16. The sub sub-lease agreement required Defendants to pay all monthly rent on Suite 163 in Frederik's Court, as well as maintain all equipment in the Suite. The parties later orally amended their agreement to include Defendants' indemnification of Plaintiff for any injuries suffered by Plaintiff as a result of Defendants' use or misuse of the equipment, failure to return the equipment and failure to pay rent as it became due.

17. Plaintiff performed all obligations at all times under the sub sub-lease agreement.

18. Defendants have breached their contractual obligation with respect to Plaintiff by failing to properly perform the terms of the sub-lease and addendum. More particularly, Defendants have failed to perform routine maintenance of the existing equipment, maintain the equipment in top working conditions and have removed some of the equipment from the leased premises. Further, Defendants have failed to pay the additional rent associated with the use of the equipment and have also failed to return the equipment to Whip A Peel, LLC at the termination of the sub-lease. Finally, Defendants have failed to defend and indemnify Plaintiff in this action.

19. As a direct and proximate result of the foregoing breaches of contract, Plaintiff has suffered damages. Plaintiff contends that Defendants should reimburse him for monies paid in attorneys' fees in defending said action and for investigation of the facts surrounding the action and all money paid in settlement of the underlying action.

WHEREORE, Plaintiff prays for judgment as set forth below.

/ / /

/ / /

## SECOND CAUSE OF ACTION FOR BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING
## AGAINST ALL DEFENDANTS

20. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 19 as though fully set forth herein.

21. Plaintiff entered into the oral contract set forth above for the assumption of the sub-lease agreement and addendum between Plaintiff and Whip A Peel, LLC and indemnification of Plaintiff.

22. Implied in the contract was the covenant of good faith and fair dealing.

23. Cross Defendants have breached the implied covenant of good faith and fair dealing by failing to maintain or pay for the equipment, removing some of the equipment from the premises, failing to return the equipment upon Whip A Peel, LLC's request to do so, and specifically telling Plaintiff that it agreed to indemnify Plaintiff and that there no was need to hire an attorney as Defendants' attorney would take care of the matter on behalf of Plaintiff.

16. Defendants failed to hire counsel on behalf of Plaintiff as agreed to by the parties while stating to Cross-Complaint that he had nothing to worry about and they would handle the matter. Further, Defendants specifically acted only on their own behalf and directed their attorney to secure a dismissal of Defendants while leaving Plaintiff as the only remaining defendant in the action.

24. Plaintiff justifiably relied on Defendants repeated representations that it would handle all matters related to the original claim asserted in the case.

25. As a direct and proximate result of Defendants' actions, Plaintiff has suffered damage. Plaintiff contends that Defendants should reimburse him for monies paid in attorneys' fees in defending said action and for investigation of the facts surrounding the action and all money paid in settlement of the underlying action.

WHEREORE, Plaintiff prays for judgment as set forth below.

///

///

## THIRD CAUSE OF ACTION FOR FRAUD
## AGAINST ALL DEFENDANTS

26. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 25 as though fully set forth herein.

27. Defendants represented to Plaintiff that they would defend Plaintiff in the original lawsuit, that there was no need for Plaintiff to hire his own attorney as their attorney would take care of the entire matter and that in fact they had been in contact with an attorney who was working on the matter on behalf of Plaintiff and Defendants.

28. In truth, Defendants hired an attorney only on their behalf and their attorney did not make an appearance on behalf of Plaintiff resulting in an Entry of Default against Plaintiff.

29. Defendants must have known that the representation was false as only they were dismissed from the action. Defendants made the representation with an intent to defraud Plaintiff and for the purpose of inducing the Plaintiff to rely upon it and to act or refrain from acting in reliance thereon. In other words, the representation was made in an effort to have themselves dismissed from the case while leave Plaintiff as the sole defendant subject to liability while relieving themselves of such burden. If Plaintiff failed to file a timely Answer, it was more likely that plaintiff would agree to dismiss Defendant and seek for secure a Default Judgment against Plaintiff, which would cost Plaintiff less money than prosecuting a case against two defendants.

30. Plaintiff was wholly unaware that Defendants had no intention of hiring an attorney on his behalf. In fact, after the Entry of Default, Defendants again assured Plaintiff that their attorney would have such Entry of Default set-aside on Plaintiff's behalf and would take care of the matter. Plaintiff did not hire an attorney based on Defendants' representations.

31. Plaintiff has suffered damage as a result of his reliance upon the truth of the representation in that he had to hire an attorney to represent him in the case, pay additional attorneys' fees to have the Entry of Default set-aside, and pay additional attorneys' fees to file and prosecute this Cross-Complaint to have Defendants brought back into the action as they were dismissed based on Defendants false representations.

WHEREORE, Plaintiff prays for judgment as set forth below.

### FOURTH CAUSE OF ACTION FOR CONVERSION
### AGAINST ALL DEFENDANTS

32. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 31 as though fully set forth herein.

33. Plaintiff had the right to possession of personal property, namely the equipment subject to the Addendum to Sublease dated January 26, 2012 by and between Whip A Peel, LLC and Plaintiff.

34. Defendants actually interfered with Plaintiff's right to possession of the equipment by failing to allow Plaintiff access to the equipment and such interference was knowing and intentional.

35. Plaintiff demanded that the property be returned to himself or Plaintiff, Whip A Peel, LLC.

36. The interference by Defendants has caused Plaintiff injury, damage, loss and harm in that Plaintiff has been sued at great expense to himself by Plaintiff, Whip A Peel, LLC due to Defendants' failure to return the equipment or give up possession. Plaintiff contends that Defendants should reimburse him for monies paid in attorneys' fees in defending said action and for investigation of the facts surrounding the action and all money paid in settlement of the underlying action.

WHEREORE, Plaintiff prays for judgment as set forth below.

### FIFTH CAUSE OF ACTION FOR DECLARATORY RELIEF
### AGAINST ALL DEFENDANTS

37. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 37 as though fully set forth herein.

38. An actual controversy exists between the parties to this Cross-Complaint, in that Plaintiff claims that the responsibility for Plaintiff's injuries/damages, if any there are, in the

main action, rest with the Defendants; and unless all joint and several obligations, rights and duties arising from the main action are determined in this proceeding, a multiplicity of actions will result; and it will be in the best interest of equity and judicial expediency that all issues of liability and damages be resolved at this time.

39. There presently exists a dispute and controversy over the rights, liabilities and duties of the various parties herein. Plaintiff seeks a determination of the rights, liabilities and duties of the parties herein.

## SIXTH CAUSE OF ACTION FOR CONTRIBUTION
## AGAINST ALL DEFENDANTS

40. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 39 as though fully set forth herein.

41. Plaintiff has denied any liability or responsibility whatsoever with respect to the alleged incident and the damages allegedly sustained by Plaintiff in the subject occurrence; but, if it should be found that this Plaintiff is in some manner responsible for the damages allegedly sustained by Plaintiff, then any such damages found to have been sustained by Plaintiff in this incident were proximately caused or contributed to by the acts or omissions of Defendants, and each of them. So that Plaintiff will not be required to pay more than her pro rata share of any judgment, it is necessary that the proportionate degree of fault of each of the Defendants be determined and prorated. Plaintiff should be entitled to equitable contribution from the Defendants, and each of them, in an amount consistent with their proportionate degree of fault.

42. Plaintiff is informed and believes, and thereupon alleges, that if Plaintiff is held liable to any party herein by virtue of the allegations made by parties in this proceeding, or any part of the claims asserted against this Plaintiff, the Defendants, and each of them, to the full extent of their fault as determined by the Court, are obligated to reimburse the Plaintiff and will be liable to the Plaintiff for any liability so assessed by way of contribution. Accordingly, Plaintiff asserts herein her right to such contribution, namely that Defendants, and each of them,

were and are obligated to provide an equitable contribution to any judgment on settlement herein in direct proportion to the amount of negligence or fault of each of such Defendants.

WHEREFORE, Plaintiff prays that the Court make its declaration and orders and prays for judgment against Defendants, and each of them, as follows:

1. An order declaring the causes of action asserted by Plaintiff in this action against Defendants is not dischargeable in Defendants' Chapter 7 bankruptcy;

2. An order declaring that Defendants are not entitled to a no asset discharge of their case;

For total and complete indemnity for any judgments rendered against Plaintiff;

3. For judgment in proportionate share from each Defendant according to their degree of fault, to any judgment or settlement recovered by Plaintiff against Plaintiff is informed and believes, and thereupon alleges, that if Plaintiff is held liable to any party herein by virtue of the allegations made by parties in this proceeding, or any part of the claims asserted against this Plaintiff, the Defendants, and each of them, to the full extent of their fault as determined by the Court, are obligated to reimburse the Plaintiff and will be liable to the Plaintiff for any liability so assessed by way of contribution. Accordingly, Plaintiff asserts herein her right to such contribution, namely that Defendants, and each of them, were and are obligated to provide an equitable contribution to any judgment on settlement herein in direct proportion to the amount of negligence or fault of each of such Defendants;

4. For a judicial determination that Defendants were the legal cause of any injuries and damages sustained by Plaintiff and that Defendants indemnify Plaintiff, either completely or partially, for all sums of money which were or may be paid by Plaintiff;

5. For costs of suits incurred herein;

7. For attorneys' fees as allowed by contract or law;

8. For punitive and exemplary damages;

9. For such other and further relief as the Court may deem fair, just and reasonable.

DATED: October 9, 2015

By: _____
ALEJANDRO URIBE
In Pro Per

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Alejandro Uribe<br>1550 Laurel Ave<br>Solvang, CA 93463<br>T: (805) 886-9915<br>blue2020@me.com<br><br>*Attorney for Plaintiff* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - NORTHERN DIVISION**

| In re:<br><br>JUAN FERRER and MARIA CONDE<br><br><br><br>Debtor(s). | CASE NO.: 9:15-bk-11396<br><br>CHAPTER: 7<br><br><br>ADVERSARY NUMBER: |
|---|---|
| ALEJANDRO URIBE<br><br>Plaintiff(s)<br>Versus<br><br>JUAN FERRER and MARIA CONDE aka MARIA FERRER<br><br><br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page. The deadline to file and serve a written response is _____. If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

| **Hearing Date:** _____<br>**Time:** _____<br>**Courtroom:** _____ | **Place:**<br>☐ 255 East Temple Street, Los Angeles, CA 90012<br>☐ 3420 Twelfth Street, Riverside, CA 92501<br>☐ 411 West Fourth Street, Santa Ana, CA 92701<br>☐ 1415 State Street, Santa Barbara, CA 93101<br>☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367 |
|---|---|

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court-approved joint status report form is available on the court's website (LBR form F 7016-1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016-1.STATUS.REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

                                                **KATHLEEN J. CAMPBELL
CLERK OF COURT**

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: _____

                                      By: _____
                                                  Deputy Clerk

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2012                                      Page 2                                    **F 7004-1.SUMMONS.ADV.PROC**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

A true and correct copy of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____  _____  _____
Date                    Printed Name                                    Signature

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2012                                            Page 3                                F 7004-1.SUMMONS.ADV.PROC